INHABITANTS OF DETROIT *vs.* INHABITANTS OF PALMYRA.

Somerset.    Opinion May 25, 1881.

*Pauper, settlement of.*

A person of age having his home in a town five successive years without receiving directly or indirectly supplies as a pauper thereby acquires a settlement; but if within the five years, the person took all which he regarded as important to his home and left the place without any intention to return, such an absence would constitute an interruption of his residence, although he might return a short time afterwards.

ON EXCEPTIONS.

The case is stated in the opinion.

*Don A. H. Powers* and *S. S. Hackett,* for the plaintiffs.

A "home," under the statute relating to pauper settlement, is acquired in same manner as a "domicile." Robertson Ecc. R. 75; *Roosevelt* v. *Kellogg,* 20 Johns. 208; *Harvard College* v.

*Gore*, 5 Pick. 370 ; *Richmond* v. *Vassalborough*, 5 Maine, 396 ; *Stockton* v. *Staples*, 66 Maine, 197 ; *Greene* v. *Windham*, 13 Maine, 225 ; *Wilton* v. *Falmouth*, 15 Maine, 479 ; *Wayne* v. *Greene*, 21 Maine, 357 ; *Brewer* v. *Eddington*, 42 Maine, 541.

The domicile of a party in any particular locality is acquired by a union of presence and intention. *Stockton* v. *Staples*, *supra*.

Two of the authorities above cited, and the following are believed to be in direct opposition to the instructions : *Thomaston* v. *St. George*, 17 Maine, 117 ; *Pittsfield* v. *Detroit*, 53 Maine, 442 ; see also *Brewer* v. *Linnaeus*, 36 Maine, 428 ; *Warren* v. *Thomaston*, 43 Maine, 406 ; *Hampden* v. *Levant*, 59 Maine, 557.

It is not the want of an intention but the existence of a conflicting intention which changes the domicile, and interrupts the five years continuous residence.

Counsel further elaborately argued the case.

*D. D. Stewart*, for the defendants, cited : *Bowdoinham* v. *Phippsburg*, 63 Maine, 501 ; *Monson* v. *Fairfield*, 55 Maine, 119 ; *Eames* v. *Gray*, 61 Maine, 405 ; *Warren* v. *Thomaston*, 43 Maine, 418 ; *North Yarmouth* v. *West Gardiner*, 58 Maine, 207 ; *Ripley* v. *Hebron*, 60 Maine, 394–5.

WALTON, J. This is a pauper suit, and one of the questions raised at the trial was whether the pauper had been absent from the town of Palmyra under such circumstances as would constitute an interruption of his residence there. The presiding judge instructed the jury that if the pauper took all which he regarded as important to his home, and left the place, without any intention to return, although he might return a short time afterwards, such an absence would constitute an interruption of his residence. The plaintiffs complain that this instruction was not correct ; that leaving without any intention to return is not the equivalent of an intention not to return ; because the former may be true when there is a total absence of intention one way or the other, while the latter cannot be true without the presence of such intention.

That the two expressions do not mean precisely the same thing is undoubtedly true. But supposing this distinction to exist, the question is, which of the two expressions states the rule of law correctly.

A person of age, having his home in a town five successive years, without receiving directly or indirectly supplies as a pauper, thereby acquires a settlement therein. But the home must be continuous. If within the five years the person is absent from the town without an intention of returning to it, the continuity of his home is broken, and the settlement is not acquired. It is not necessary that his departure should be with a fixed purpose not to return. It is enough if he departs without an intention to return. To continue a home while absent from it, there must be at all times an intention to return to it. The intention may be latent. It need not be at all times present in the mind. But it must exist. As often as the intention is the subject of thought, the *animo revertendi* must be found to exist, or the home is lost. This is the precise question which was raised and decided in *North Yarmouth* v. *West Gardiner*, 58 Maine, 207.

In the trial of that case the judge instructed the jury that if the pauper left "without any intention as to whether he would or would not return, his absence would not constitute an interruption of his residence," and this instruction was held to be erroneous. It was decided "that when a person leaves his place of residence with every thing he has, without any intention as to returning, he has, under the pauper laws abandoned that whether he has established another or not." This decision was affirmed in *Ripley* v. *Hebron*, 60 Maine, 397. We think the question must be regarded as *res judicata*, and that a further discussion of it would not be profitable.

*Exceptions overruled.*
*Judgment on the verdict.*

APPLETON, C. J., BARROWS, DANFORTH, PETERS and SYMONDS, JJ., concurred.